UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RODERICK RIGMAIDEN,<br><br>Defendant. | No. 2:22-cr-00152-DAD<br><br>ORDER DENYING DEFENDANT'S <u>MOTION FOR A REDUCTION IN SENTNCE</u><br><br>(Doc. No. 82) |

Pending before the court is defendant Roderick Rigmaiden's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). (Doc. No. 82.) In that motion, defendant argues that "extraordinary and compelling" reasons support the reduction of his sentence. (*Id*.) For the reasons explained below, defendant's motion will be denied.

**BACKGROUND**

On January 24, 2023, pursuant to plea agreement, defendant Rigmaiden entered pleas of guilty to Count One of the Indictment in which he was charged with Conspiracy to Commit Wire Fraud in violation of 18 U.S.C. § 1341 and to Count Five in which he was charged with Aggravated Identity Theft in violation of 18 U.S.C. § 1028A. (Doc. Nos. 58, 62.) On May 16, 2023, the undersigned sentenced defendant Rigmaiden to a 57–month term of imprisonment on Count One and a mandatory consecutive term of imprisonment of 24–months on Count 5 for an

1

1  aggregate term of imprisonment in the custody of the U.S. Bureau of Prisons (BOP) of 81
2  months.  (Doc. Nos. 79, 81.)  In addition, a 36–month term of supervised release following
3  imprisonment, restitution in the amount of $20,833.00 and the mandatory $200 in special
4  assessments were imposed.  (*Id.*)

5  On September 14, 2023, defendant Rigmaiden, proceeding *pro se*, filed the pending
6  motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A).  (Doc. No. 82.)  In his
7  motion, defendant argues in summary fashion that a combination of "extraordinary and
8  compelling" reasons supported the reduction of his sentence.  (*Id*. at 1.)  Specifically, defendant
9  Rigmaiden points to the following circumstances in seeking the requested relief:  (1) the punitive
10 nature of his confinement at FCI Sheridan during the COVID 19 pandemic which is a
11 consideration that some district courts have taken into account in granting motions brought under
12 § 3582(c)(1)(A); (2) the length of the sentence he has served; (3) his rehabilitation since his
13 incarceration; and (4) that he received "status points" in his criminal history category calculation
14 at the time of his sentencing which he would not receive under the most recent sentencing
15 guideline amendments, thus leading to a sentencing disparity when compared to defendants
16 sentenced today for the same offense.  (*Id.* at 1–4.)  After receiving an extension of time to do so,
17 on October 25, 2023,the government filed its opposition to defendant's motion.  (Doc. No. 85.)
18 Defendant did not file a reply in support of his motion.

19 Defendant Rigmaiden is currently serving his sentence at the BOP's Sheridan FCI in
20 Sheridan, Oregon and his projected release date is reported to be May 11, 2028.  Thus, as of the
21 date of this order, he has more than two and half years remaining to be served before his projected
22 release from confinement.

## LEGAL STANDARD

24 A court generally "may not modify a term of imprisonment once it has been imposed."  18
25 U.S.C. § 3582(c); *see also Dillon v. United States*, 560 U.S. 817, 824 (2010) ("'[A] judgment of
26 conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not
27 be modified by a district court except in limited circumstances.") (alterations in original).  Those
28 limited circumstances include compassionate release in extraordinary cases.  *See United States v.*

*Holden*, 452 F. Supp. 3d 964, 968 (D. Or. 2020). Prior to the enactment of the First Step Act of 2018 ("the FSA"), motions for compassionate release could only be filed by the BOP. 18 U.S.C. § 3582(c)(1)(A) (2002). Under the FSA, however, imprisoned defendants may now bring their own motions for compassionate release in the district court. 18 U.S.C. § 3582(c)(1)(A) (2018). In this regard, the FSA specifically provides that a court may:

> upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf[1] or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if it finds that–
>
> (i)  extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the [BOP] that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A)(i) and (ii).[2]

/////

---

[1] If the BOP denies a defendant's request within 30 days of receipt of such a request, the defendant must appeal that denial to the BOP's "Regional Director within 20 calendar days of the date the Warden signed the response." 28 C.F.R. § 542.15(a). If the Regional Director denies a defendant's administrative appeal, the defendant must appeal again to the BOP's "General Counsel within 30 calendar days of the date the Regional Director signed." *Id.* "Appeal to the General Counsel is the final administrative appeal." *Id.* When the final administrative appeal is resolved, a defendant has "fully exhausted all administrative rights." *See* 18 U.S.C. § 3582(c)(1)(A).

[2] Under 18 U.S.C. § 3624(c)(2), the BOP may release an incarcerated defendant to home confinement "for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months."

3

A reduction in sentence "must be consistent with the factors set forth in 18 U.S.C. § 3553(a) and any applicable Sentencing Commission policy statement." *United States v. Gerrans*, No. 23-3822, 2024 WL 4814876, at *1 (9th Cir. Nov. 18, 2024).[3] "The U.S. Sentencing Commission issued a policy statement for reduction of a sentence under § 3582(c)(1)(A)(i) in its November 1, 2023 Guidelines Manual." *United States v. Simpson*, No. 3:97-cr-02903-BTM, 2024 WL 5193853, at *2 (S.D. Cal. Dec. 19, 2024). The policy statement provides that a court may reduce a sentence after considering the § 3553(a) factors if it finds that (1) "extraordinary and compelling reasons warrant the reduction," (2) "the defendant is not a danger to the safety of any other person or to the community as provided in 18 U.S.C. § 3142(g)," and (3) "the reduction is consistent with this policy statement." U.S.S.G. § 1B1.13(a); *see also United States v. Castro-Camacho*, No. 24-6145, 2025 WL 2206110, at *2 (9th Cir. Aug. 4, 2025) ("On a compassionate-release motion brought under § 3582(c)(1)(A), a district court may reduce a sentence for 'extraordinary and compelling reasons' that are consistent with the Sentencing Commission's policy statement in U.S.S.G. § 1B1.13."). The policy statement further addresses "what qualifies as 'extraordinary and compelling reasons' to release a defendant from BOP custody." *United States v. Jackson*, No. 1:06-cr-00134-JLT-1, 2025 WL 1255131, at *3 (E.D. Cal. Mar. 31, 2025) (citing U.S.S.G. § 1B1.13); *see also United States v. Inchaurregui*, Case No. 22-cr-02528-BAS-2, 2023 WL 7926797, at *2 (S.D. Cal. Nov. 16, 2023) ("The Sentencing Commission has recently provided definitions of extraordinary and compelling reasons . . . ."). These extraordinary and compelling reasons are: (1) medical circumstances of the defendant; (2) age of the defendant; (3) family circumstances of the defendant; (4) defendant as victim of abuse; (5) other reasons presented by defendant alone or in combination with the foregoing reasons, of similar gravity to the foregoing reasons; and (6) defendant's unusually long sentence. *Jackson*, 2025 WL 1255131, at *3; *see also United States v. Fernandez*, No. 5:13-cr-00527-EJD-1, 2025 WL 943136, at *1 (N.D. Cal. Mar. 18, 2025) ("The Sentencing Commission's policy statement regarding compassionate release is set forth in U.S.S.G. § 1B1.13. The statement provides six general

---

[3] Citation to this and other unpublished Ninth Circuit opinions in this order is appropriate pursuant to Ninth Circuit Rule 36-3(b).

4

circumstances that may constitute an extraordinary and compelling reason for compassionate release . . . .").

"Under § 1B1.13(b)(5), the court retains substantial discretion to determine what constitutes extraordinary and compelling reasons." *United States v. Gaitan-Ayala*, No. 07-cr-00268-JMS-1, 2024 WL 3316295, at *2, n.3 (D. Haw. July 5, 2024) (citing cases); *see also Castro-Camacho*, 2025 WL 2206110, at *2 ("'[A]ny other circumstance' may also qualify for relief, but only if it is 'similar in gravity' to those delineated."); *United States v. Evans*, 759 F. Supp. 3d 1247, 1267 (S.D. Fla. Dec. 10, 2024) (recognizing that "[t]hus, in drafting § 1B1.13(b)(5), the Commission's express aim was to purposefully empower judges to exercise broad discretion, and decide on a case-by-case basis whether the catch-all provision should be applied to a particular sentence") (citing cases); *United States v. Aigbekaen*, No. 15-cr-00462-JKB, 2025 WL 1347054, at *3 (D. Md. May 8, 2025) ("This 'catchall' provision 'maintains the broad discretion conferred on district courts to consider a wide array of extraordinary and compelling justifications for release.'").  However, "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement," but it "may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted." U.S.S.G. § 1B1.13(d).

In the past, when moving for relief under 18 U.S.C. § 3582(c), it was recognized that the defendant bore the initial burden of demonstrating that a sentence reduction was warranted. *See United States v. Sprague*, 135 F.3d 1301, 1306–07 (9th Cir. 1998). Likewise, the defendant bears the burden of "establish[ing] his eligibility for compassionate release." *United States v. Wright*, 46 F.4th 938, 951 (9th Cir. 2022); *see also United States v. Greenhut*, No. 2:18-cr-00048-CAS, 2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020); *United States v. Van Sickle*, No. 18-cr-00250-JLR, 2020 WL 2219496, at *3 (W.D. Wash. May 7, 2020).

## ANALYSIS

As district courts have summarized, in analyzing whether a defendant is entitled to compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), the court must determine whether a defendant has satisfied three requirements:

5

> First, as a threshold matter, the statute requires defendants to exhaust administrative remedies. 18 U.S.C. § 3582(c)(1)(A). Second, a district court may grant compassionate release only if "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* Third, the district court must also consider "the factors set forth in section 3553(a) to the extent that they are applicable." *Id.*

*United States v. Rodriguez*, 424 F. Supp. 3d 674, 680 (N.D. Cal. 2019); *see also United States v. Ramirez-Suarez*, No. 16-cr-00124-LHK-4, 2020 WL 3869181, at *2 (N.D. Cal. July 9, 2020); *Parker*, 461 F. Supp. 3d 966, 973–74 (C.D. Cal. 2020); *United States v. Trent*, No. 16-cr-00178-CRB-1, 2020 WL 1812242, at *2 (N.D. Cal. Apr. 9, 2020) (noting that as to the third factor, under 18 U.S.C. § 3582(c)(1)(A) release must be "consistent with" the sentencing factors set forth in § 3553(a)).

**A.   Administrative Exhaustion**

In this case it is disputed whether defendant Rigmaiden has satisfied the exhaustion requirement imposed by 18 U.S.C. § 3582(c)(1). Defendant asserts that he satisfied that requirement by submitting a request for compassionate release to the warden at his then institution of confinement and received no response. (Doc. No. 82 at 1, 5.) The government contends that the Bureau of Prisons has no record of defendant Rigmaiden having submitted a request to the warden. (Doc. No. 85 at 5.) Because the court will deny defendant's motion on the merits, it will assume for purposes of resolving the pending motion that defendant has satisfied the exhaustion requirement.

**B.   Extraordinary and Compelling Reasons**

As stated, "extraordinary and compelling reasons" warranting compassionate release may exist based on a defendant's medical conditions, age and other related factors, family circumstances, victimization, unusually long sentence, or "other reasons." U.S.S.G. § 1B1.13(b)(1)–(6). Here, as noted above, defendant Rigmaiden argues in the pending motions that his compassionate release is warranted based upon extraordinary and compelling reasons including: the punitive nature of his confinement at FCI Sheridan during the COVID 19 pandemic; the length of the sentence he has already served; his rehabilitation since his

6

incarceration; and that he received "status points" in his criminal history category calculation at the time of his sentencing which he would not receive under the most recent sentencing guideline amendments. (Doc. No. 82.)

The government opposes the pending motion, arguing that the circumstances defendant bases his motion upon are not extraordinary and compelling and, even if they were, consideration of 18 U.S.C. § 3553(a) weighs against the granting of relief. (Doc. No. 85.) Specifically, the government argues that defendant's form motion reflects no assertion about his personal circumstances except for his handwritten statement that at the time of his sentencing he was assessed "status points" which would not be the case were he to be sentenced today. (*Id.* at 9.) The government notes, however, that even with the two status points removed, defendant Rigmaiden would still have 21 criminal history points placing him firmly in a Category VI and his advisory sentencing guideline range would remain the same as it was when he was originally sentenced. (*Id*. at 9–10; *see also* Doc. No. 68 at 18.) The government also contends that to the extent defendant bases his motion on the conditions of his confinement and risks posed to him as a result of the COVID 19 pandemic his arguments fail to entitle him to the requested relief due to, among other reasons, his refusal to be vaccinated while imprisoned. (Doc. No. 85 at 10.)[4] Finally, the government notes the serious nature of defendant's criminal fraudulent conduct, his recidivism and his extensive criminal history in arguing that any reduction in his 81–month aggregate sentence would be inconsistent with the factors set forth in 18 U.S.C. § 3553(a). (*Id*. at 11–12.) The court finds all of the government's arguments in this regard to be persuasive.[5]

At his sentencing hearing on May 16, 2023, the court found the applicable offense level as to Count Two to be 18 and defendant's criminal history category to be VI, with an advisory sentencing guideline range calling for a term of imprisonment on Count Two of between 57 and

---

[4] *See United States v. Blackwell*, 1:19-cr-00063 DAD BAM, 2022 WL 2067877, at *6 (E.D. Cal. June 8, 2022) ("The undersigned . . . concludes it would set a dangerous and unreasonable precedent if the court were to allow inmates who refuse vaccination to successfully rely upon that fact to support their claims for compassionate release.") (citing cases).

[5] The court notes any efforts made by defendant toward rehabilitation while imprisoned, while perhaps commendable, do not alone provide extraordinary and compelling reasons supporting his release from confinement.

7

71 months. The presentence report recommended a mid-range of the guideline range sentence of 64 months on Count Two and a mandatory consecutive term of 24 months on Count Five for a total term of imprisonment of 88 months in the custody of the BOP. (Doc. No. 37 at 4, 18.) The court nonetheless sentenced defendant Rigmaiden to the low end of the advisory guideline range of 57 months on Count Two with the mandatory consecutive term of 24 months on Counts 5 for a total term of imprisonment of 81 months.

Considering all of the circumstances outlined above in combination, the court concludes that defendant Rigmaiden has not met his burden of demonstrating the existence of extraordinary and compelling circumstances justifying a reduction of the 57–month term of imprisonment imposed in his case.

**C.    § 3553 and Other Relevant Factors**

Any relief to be granted pursuant to 18 U.S.C. § 3582(c)(1)(A) must be consistent with consideration of the sentencing factors set forth in 18 U.S.C. § 3553(a).[6] *See Parker*, 461 F. Supp. 3d at 979. As noted, the government argues that the seriousness of defendant's offense of conviction and his prior criminal history compel the conclusion that consideration of the § 3553(a) factors weighs against the granting of the requested relief. (Doc. No. 58 at 12.) The government's argument in this regard is also persuasive.

/////

/////

/////

---

[6] Title 18 U.S.C. § 3553(a) provides that, in determining the sentence to be imposed, the court shall consider: the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence, protect the public from further crimes of the defendant and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; the kinds of sentences available; the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines; any pertinent policy statement issued by the Sentencing Commission; the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and the need to provide restitution to any victims of the offense.

# CONCLUSION

For the reasons explained above, defendant Rigmaiden's Motion for Reduction in Sentence (Doc. No. 82) is DENIED.

IT IS SO ORDERED.

Dated: **October 28, 2025**

*Dale A. Drozd*
DALE A. DROZD
UNITED STATES DISTRICT JUDGE